UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                            )
                                  )    Chapter 7
DARWIN LEE HOUSTON,               )
                                  )    Bankruptcy No. 07-01798
     Debtor.                      )
                                  )
SHERYL SCHNITTJER, Trustee,       )
                                  )    Adversary No. 07-09196
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
DOREEN L. HOUSTON and             )
DARWIN L. HOUSTON,                )
                                  )
     Defendants.                  )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on March 14, 2008 on Trustee's Motion for Summary Judgment. Plaintiff/Trustee Sheryl Schnittjer was represented by Wes Huisinga. Debtor/Defendant Darwin Houston was represented by Mike Mollman. Defendant Doreen Houston was represented by Nick Strittmatter. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

**STATEMENT OF THE CASE**

Trustee requests summary judgment on her claims alleging Debtor's transfer of his interest in real estate and CRP payments to his mother, Doreen Houston, constitute fraudulent transfers. Debtor and Ms. Houston assert issues of fact regarding the extent of Debtor's interest in the real estate and the value of that interest preclude summary judgment.

**STATEMENT OF FACTS**

Based on the record as a whole, the following facts appear to be undisputed. Debtor and his mother, Doreen Houston, entered into a Real Estate Contract in 2004 wherein Debtor purchased from Ms. Houston an undivided one-half interest in approximately 155 acres of farm real estate in Jones County. The original purchase price was $27,000, with $5,000 already paid and semiannual

installments due in June and December.  The Contract was properly recorded with the Jones County Recorder.

Debtor transferred his interest in this real estate to Ms. Houston by Quit Claim Deed dated May 3, 2007 which was recorded with the Jones County Recorder.  Trustee's Complaint alleges, and both Debtor's and Ms. Houston's Answers admit, that the amount remaining due on the contract is approximately $15,000.  Trustee presented an affidavit of Troy Louwagie, an appraiser employed by Trustee, stating his opinion that the market value of the real estate as of May 2007 was $1,850 to $2,150 per acre, or a total of $286,750 to $333,250.

Debtor filed his Chapter 7 petition on September 28, 2007.  Debtor's schedules list total unsecured debt of more than $72,000.  Essentially all of Debtor's property is claimed exempt.  Trustee became aware of Debtor's interest in real estate at the meeting of creditors, held on November 5, 2007, by questioning Debtor concerning previous years' CRP payments.  Debtor did not disclose his prior interest in the real estate contract or the Quit Claim Deed to Ms. Houston in his bankruptcy schedules.  On November 6, 2007, the day after the meeting of creditors, Debtor made a written request to the USDA to have his share of the 2007 CRP payments paid directly to Ms. Houston.  Debtor's share would have totaled $2,679.

In his resistance to Trustee's Motion for Summary judgment, Debtor denies all Trustee's allegations.  He states he simply deeded the property back to the rightful owner, Doreen Houston, to avoid an action to forfeit the real estate contract.  He also states that there is a factual dispute over the actual value of this real estate and the value of his interest in the property, if any, at the time the real estate contract was forfeited back to Doreen Houston by the Quit Claim Deed.  Debtor's affidavit states that "[a]t the time of the transfer back to my mother there was little or no equity in the real estate."

Trustee requests summary judgment on all counts of the Complaint.  Count I seeks to avoid Debtor's transfer of his interest in the real estate.  Count II seeks to avoid Debtor's transfer of his interest in the CRP payments.  Count III seeks authority to sell the real estate and divide the sale proceeds between the bankruptcy estate and Defendant Doreen Houston.  Count IV seeks to sell Debtor's interest in the real estate free of any lien held by Ms. Houston on that interest with the lien attaching to the proceeds of the sale.

**CONCLUSIONS OF LAW**

Summary judgment is appropriate when the evidence produced demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Essentially, summary judgment should be granted if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the non-moving party. Id. at 249. When a motion for summary judgment is made, the Court must view the available evidence in the light most favorable to the non-moving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).

Once the movant has supported the motion, the non-moving party "must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996).

> When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. [The non-moving party] is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. . . . [To] avoid summary judgment, the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.

Geiger v. Tokheim, 191 B.R. 781, 786 (N.D. Iowa 1996) (citations omitted.

**ACTUAL FRAUD**

A trustee may avoid a pre-petition transfer of assets of the debtor if the debtor made the transfer "with actual intent to hinder, delay, or defraud" any past or future creditor. 11 U.S.C. § 548(a)(1)(A).

> In an action under 11 U.S.C. § 548(a)(1), it is unlikely that a trustee will be able to present

3

>adequate direct evidence to establish the debtor's intent to defraud creditors. Therefore, courts look for common indicia, or badges of fraud, which have frequently bespoken fraudulent intent in the past. Some badges of fraud are: (1) actual or threatened litigation against the debtor; (2) a transfer of all or substantially all of the debtor's property; (3) insolvency on the part of the debtor; (4) a special relationship between the debtor and the transferee; and (5) retention of the property by the debtor after the transfer. Once a trustee establishes a confluence of several badges of fraud, the trustee is entitled to a presumption of fraudulent intent. In such cases, "the burden shifts to the transferee to prove some 'legitimate supervening purpose' for the transfers at issue."

Kelly v. Armstrong, 141 F.3d 799, 802 (8th Cir. 1998) (citations omitted). A finding of fraudulent intent is a factual finding and can be inferred from the circumstances surrounding the transfer. In re Sherman, 67 F.3d 1348, 1353 (8th Cir. 1995).

Based on the record presented, the Court concludes Trustee is not entitled to summary judgment under § 548(a)(1)(A) for actual fraud. This requires a fact-based finding of fraudulent intent. Although Trustee has pointed to some badges of fraud, Debtor disputes having fraudulent intent and has asserted that the purpose for transferring the real estate to Ms. Houston was to avoid contract forfeiture.

### CONSTRUCTIVE FRAUD

A trustee may avoid a transfer as fraudulent if the debtor received less than a reasonably equivalent value in exchange for the transfer and was insolvent on the date of the transfer or became insolvent as a result of the transfer under § 548(a)(1)(B). In re Rosen Auto Leasing, Inc., 346 B.R. 798, 804-805 (B.A.P. 8th Cir. 2006). To avoid a transfer under this section, Trustee must prove the following five elements:

>(1) an interest of the debtor in property; (2) was voluntarily or involuntarily transferred; (3) within one year of filing bankruptcy; (4) where the debtor received less than reasonably equivalent value; and (5) debtor was insolvent at the time of the transfer or became insolvent as a result thereof.

4

In re Pepmeyer, 275 B.R. 539, 543 (Bankr. N.D. Iowa 2002). A forfeiture of a real estate contract can constitute a fraudulent transfer. In re Grady, 202 B.R. 120, 123 (Bankr. N.D. Iowa). "The measure of the value Debtors received through the forfeiture must be viewed in terms of the contract balance due at the date of the transfer." Id. at 124 (holding that cancellation of debt of $15,830 by contract forfeiture in exchange for property worth $40,000 does not constitute reasonable equivalent value).

The facts are not disputed and the record supports a finding in Trustee's favor on the second, third and fifth elements of § 548(a)(1)(B). Debtor voluntarily signed the Quit Claim Deed to Ms. Houston within one year of the bankruptcy petition date. Based on Debtor's schedules, he has no non-exempt property and unsecured debt of more than $72,000. Thus, Debtor is insolvent or became insolvent as a result of the deed.

As to the first and fourth elements of § 548(a)(1)(B), Debtor asserts he either had no interest in the property at the time of the Quit Claim Deed or the value of his interest was not less than what he received in return, i.e. the cancellation of the real estate contract debt. From the record presented, the Court finds that Debtor had a record interest in the real estate based on the Real Estate Contract in which he was the buyer of a one-half interest in the property from Ms. Houston. The Quit Claim Deed was a transfer of that interest. Debtor asserts he had no interest in the property because he gave the deed in order to avoid contract forfeiture. As noted above, however, contract forfeiture itself can be an avoidable transfer under § 548(a)(1)(B). The Court finds Trustee has met her burden to prove that Debtor had an interest in the property – the first element of constructive fraud.

Debtor ultimately argues that whatever interest he had in the real estate was valueless. The undisputed record, however, shows he had a one-half interest in 155 acres of farm real estate as the buyer under the Real Estate Contract with Ms. Houston. Neither Defendant has denied that the balance on the contract was approximately $15,000. Furthermore, neither Defendant has disputed Trustee's valuation of the real estate, by appraisal and affidavit, with similar evidence of a probative nature. As Trustee noted at the hearing, if cancellation of the approximately $15,000 of debt is taken as the value Debtor received for the Quit Claim Deed of his one-half interest in the real estate, Ms. Houston gave approximately $194 per acre for the deed. Regardless of whether Trustee's appraisal of $1,850 per acre is accepted as determinative of value, it is obvious to the Court that $194 per acre is less than reasonably equivalent value

5

for Debtor's one-half interest in the farm property.  See e.g., Morganroth & Morganroth v. DeLorean, 213 F.3d 1301, 1311 (10th Cir. 2000) (finding summary judgment appropriate where, even if value was much less than shown by movant, transfer was clearly not for a reasonable equivalent).

## CONCLUSIONS

Based on the foregoing, the Court concludes Trustee is entitled to summary judgment on Count I of the Complaint to avoid transfer of the real estate for constructive fraud under § 548(a)(1)(B).  Within one year prepetition, Debtor transferred by Quit Claim Deed his interest in the real estate contract whereby he purchased a one-half interest in 155 acres of farm real estate to his mother, Defendant Doreen Houston.  He received less than reasonably equivalent value and was insolvent or became insolvent as a result of the transfer.  Trustee is also entitled to recover Debtor's share of the 2007 CRP payments related to the real estate as requested in Count II of the Complaint.

As Trustee seeks to sell the property and pay Ms. Houston for her interest in the property, the Court need not, at this time, determine the exact value of Debtor's interest in the property.  As noted by Trustee, the appropriate values of the parties' separate interests can be worked out or litigated after the sale.

Debtor's resistance to the Motion for Summary judgment includes bare denials of most of Trustee's allegations.  Ms. Houston did not file a resistance.  The hearing did not include any discussion regarding Counts III and IV of the Complaint in which Trustee proposes to sell the property and pay Ms. Houston for her one-half interest under the real estate contract and preserve any lien she holds against Debtor's one-half interest.  In light of Debtor's and Ms. Houston's failure to address these portions of Trustee's Motion for Summary Judgment, the Court finds Trustee is entitled to summary judgment on Counts III and IV, as well.

**WHEREFORE**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, Trustee is entitled to summary judgment against Debtor/Defendant Darwin L. Houston and Defendant Doreen L. Houston under 11 U.S.C. § 548(a)(1)(B) for constructive fraud.

**FURTHER**, on Count I of the Complaint, the Quit Claim Deed is void as a fraudulent transfer.

6

  **FURTHER**, on Count II of the Complaint, the transfer of Debtor Darwin Houston's interest in the CRP payments in the amount of $2,679 to Defendant Doreen Houston is void as a fraudulent transfer.

  **FURTHER**, Trustee is granted the relief requested in Counts III and IV of the Complaint regarding sale of the property. The extent of the parties' interests in the proceeds of the sale will be determined through additional proceedings.

  **FURTHER**, judgment shall enter accordingly.

  DATED AND ENTERED: April 2, 2008

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE